UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-60569-CIV-MARRA

LEMUEL NELSON,

    Plaintiff,

v.

BLUE EYED HOLDINGS, INC., a Florida Corporation,
Simons, J A, an individual,
Simons, Barbara, an individual,
Miles, Dyan R., an individual, and
Pottinger, Yasmin, an individual,

    Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendants Blue Eyed Holdings, Inc.'s, J.A. Simmons' and Barbara Simmons' Motion to Dismiss and/or Sever the Amended Complaint and/or More Definite Statement (DE 14).  Plaintiff responded (DE 18), and Movants replied.  (DE 19).  This matter is now ripe for review.  For the reasons stated below, the Court **DENIES** Defendants' Motion to Dismiss (DE 14).

**I. Background**

This is an action for declaratory and injunctive relief and attorney's fees and costs pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq.*.  Am. Compl. (DE 13). Plaintiff alleges that Defendants violated Title III of the ADA by failing to provide a minimum number of handicap parking spaces and failing to remove architectural barriers.

Plaintiff initiated this case on March 11, 2013 (DE 1), and then amended the complaint on May 14, 2013 (DE 13).  Plaintiff, who is confined to a wheelchair, alleges that he visited the entire shopping plaza located at 5713-5727 Hollywood Boulevard, Hollywood, Florida on February 18,

2013 and on May 14, 2013 as a patron and as a tester and encountered illegal barriers to access. Am. Compl., ¶¶ 3, 14 (DE 13). Plaintiff states that he purchased goods during both visits. *Id.*, ¶ 14. Further, Plaintiff, who is a resident of the Southern District of Florida, claims that he intends to return to the premises in the imminent future, within the next 6 months or sooner, to avail himself of the goods and services offered to the public there. *Id.*, ¶¶ 3, 4, 14, 16.

The Amended Complaint alleges that Defendant Blue Eyed Holdings, Inc. is a lessor and/or owner of the premises located at 5727 Hollywood Blvd., which contain businesses "For Eyes" and "Precision Nails;" and that Defendants Barbara and J. A. Simmons are the lessors and/or owners of the premises located at 5717 Hollywood Blvd., which contain businesses "Daddyos Liquor," "Damascus Mid-east," and "West Hollywood Mowers."[1]  *Id.*, ¶¶ 5-6. Further, Plaintiff details the alleged violations pertaining to each business separately. *Id.*, ¶¶ 17-18. The Amended Complaint does not contain a demand for a jury trial.

The Movants rely on the Federal Rules of Civil Procedure 12(b)(1) and (6), and argue that the Court lacks jurisdiction over this action because Plaintiff failed to allege a sufficiently clear intent to return to the premises, that all allegations pertaining to the May 14, 2013 should be stricken because this visit occurred after the original complaint was filed in an effort to "manufacture standing," and that Defendants, who own separate premises, are misjoined in this action. As an alternative to dismissal, Defendants move for a more definite statement pursuant to the Federal Rules of Civil Procedure 12(e).

---

[1] The Amended Complaint also alleged that the remaining Defendants Dyan Miles and Yasmin Pottinger were the owners and/or lessors of the facilities located at 5713 Hollywood Blvd., which contained a beauty salon "Top Style." *Id.*, ¶ 7. This action has been dismissed as to Dyan Miles and Yasmin Pottinger (DE 25), and Plaintiff has moved for leave to join BEH, LLC as a Defendant because on September 10, 2013 this entity purchased the facilities formerly owned by Dyan Miles and Yasmin Pottinger (DE 24).

## II. Legal standard

**1. Motion to Dismiss for Failure to State a Claim**

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Overall, a complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Id.* (internal quotation omitted); *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Lastly, "[w]hen considering a motion to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (internal quotation omitted).

**2. Motion to Dismiss for Lack of Jurisdiction**

Defendants also moved for dismissal pursuant to the Rule 12(b)(1) due to lack of subject matter jurisdiction. The Eleventh Circuit has said:

> Attacks on subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) come in two forms. 'Facial attacks' on the complaint 'require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion' . . . 'Factual attacks,' on the other hand, challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'

*Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990) (citations omitted).

When the attack is facial, the standard is similar to the one employed under Rule 12(b)(6), and all well-pleaded allegations in the complaint are taken as true. *Id.* When the attack is factual, the court may go beyond the pleadings and can weigh the evidence. *Id.* Here, Defendants specify that the attack is facial. Mot., p. 3 (DE 14).

**3. Motion for More Definite Statement**

Rule 12(e) permits a party to move for a "more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). If a pleading "fails to specify the allegations in a manner that provides sufficient notice," or does not contain enough information to allow a responsive pleading to be framed, the proper motion to be filed is a motion for a more definite statement. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Sisk v. Texas Parks & Wildlife Dep't*, 644 F.2d 1056, 1059 (5th Cir. 1981).[2] The motion is intended to provide a remedy for an unintelligible

---

[2] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit. *Bonner v. Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

pleading, rather than a vehicle for obtaining greater detail. *Campbell v. Miller*, 836 F. Supp. 827, 832 (M.D. Fla. 1993).

### III. Discussion

**1. Motion to Dismiss for Lack of Jurisdiction**

Defendants' claim that Plaintiff lacks standing. The Court begins by observing that Article III only grants federal courts judicial power to decide actual cases and controversies. *Allen v. Wright*, 468 U.S. 737, 750 (1984). The constitutional minimum requirements for standing are: (1) the plaintiff must have suffered, or must face an imminent and not merely hypothetical prospect of suffering, an invasion of a legally protected interest resulting in a "concrete and particularized" injury; (2) the injury must have been caused by the defendant's complained-of actions and (3) the plaintiff's injury or threat of injury must likely be redressable by a favorable court decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). "Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges . . . a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury." *Wooden v. Board of Regents of University System of Georgia*, 247 F.3d 1262, 1284 (11th Cir.2001) (quoting *Church v. City of Huntsville*, 30 F.3d 1332 (11th Cir.1994)).

With respect to ADA cases, "courts have held that a plaintiff lacks standing to seek injunctive relief unless he alleges facts giving rise to an inference that he will suffer future discrimination by the defendant." *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir.2001). The Eleventh Circuit has recently found that a tester motive behind a visit does not negate standing of a Title III ADA claimant. *Plan Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1334 (11th Cir. 2013). Further, as long as the plans to return are "reasonably fixed and specific in time and not too far off,"

plaintiff's threat of future injury is "real and immediate" for the purposes of standing. *Id.* at 1339-40 (distinguishing plaintiff's plan to continue to frequently visit the area where defendant's store is located and the store from the indefinite plans of plaintiffs in *Lujan*, 504 U.S. 555 (1992), to revisit Egypt and Sri Lanka some day in the future). In *Houston*, plaintiff's two pre-suit visits to the defendant's business combined with the fact that plaintiff lived in the next county rather than hundreds of miles away and with plaintiff's professed intent to return to the store made the threat of future injury "real and immediate." *Id.* at 1336-37 (considering a factual challenge to the subject matter jurisdiction under Rule 12(b)(1)).

Here, Plaintiff alleges that he visited Defendants' premises at least once before commencing this action and personally encountered barriers to access, *see* Am. Compl, ¶¶ 3, 14 (DE 13). *Cf. Moyer v. Walt Disney World Co.*, 146 F. Supp. 2d 1249, 1254 (M.D. Fla. 2000) (plaintiff lacked standing as to the facilities he had not visited prior to the filing of an ADA suit); *Resnick v. Magical Cruise Co., Ltd.*, 148 F. Supp. 2d 1298, 1301 (M.D. Fla. 2001) (plaintiff lacked standing because he had not been aboard defendant's ships prior to filing). Plaintiff also avers that he resides in the Southern District of Florida, which is where Defendants' premises are located, and intends to return to the subject establishments in the next 6 months or sooner to avail himself of the goods and services offered there to the public. *Id.*, ¶¶ 3, 4, 14, 16. This plan is reasonably fixed in time, not too distant, and gives rise to more than an inference that Plaintiff will suffer future discrimination by Defendants. Taken as true, Plaintiff's allegations are conclusive on this point.

Lastly, Defendants ask the Court to strike Plaintiff's allegations pertaining to his May 14, 2013 visit because it occurred to manufacture standing after the initial Complaint had been filed. Defendants state that they were informed that Plaintiff had not visited "Precision Nails" on February

18, 2013, and allege that consequently Plaintiff lacks standing to bring claims with respect to this business.  However, the Court must limit its review to the four corners of the Amended Complaint, and must accept Plaintiff's allegations as true. *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).  Accordingly, the declaration submitted by the Movants that contradicts Plaintiff's assertions cannot be considered.  The mere fact that the second visit occurred after this case had been initiated does not make it necessary to strike the allegations of the May visit from the Amended Complaint.

**2. Motions to Dismiss for Failure to State a Claim and/or for More Definite Statement**

Defendants maintain that they were misjoined in this action because they own separate premises, and should not be held responsible for potential violations occurring at the neighboring properties that do not belong to them.  On this basis Defendants ask the Court to dismiss the claims against co-Defendants, or to order Plaintiff to re-plead the allegations.  The Court finds that neither relief if appropriate.

Rule 21 plainly states that "[m]isjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21.  Nevertheless, a court may "sever any claim against a party." *Id.*  District courts enjoy broad discretion in granting or denying motions to sever. *Hofmann v. EMI Resorts, Inc.*, 09-20526-CIV, 2010 WL 9034908, at *1 (S.D. Fla. July 21, 2010).  Because Rule 21, which is entitled "Misjoinder and Nonjoinder of Parties," does not provide a standard for misjoinder, some courts look to Rule 20, which governs joinder, for guidance on severance. *Id.* (citing *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010)).

Under Rule 20, joinder is permissible if "1) a right to relief arising out of the same transaction or occurrence, or series of transactions or occurrences, and 2) some question of law or fact common

to all persons seeking to be joined" are present. *Alexander v. Fulton County*, 207 F.3d 1303, 1323 (11th Cir.2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304, 1328 n. 52 (11th Cir.2003). However, Rule 20 does not mandate joinder, and even when joinder is permissible, courts may refuse it or may sever plaintiffs or claims. *Hofmann*, 2010 WL 9034908, at *1 (severing 232 plaintiffs).

Generally, severance may be granted and separate proceedings created as long as the claims are discrete and separate. *Id.* "Factors to be considered in determining whether to effectuate a severance include: (1) `the interest of avoiding prejudice and delay;' (2) `ensuring judicial economy;' (3) `safeguarding principles of fundamental fairness;' and (4) `whether different witnesses and documentary proof would be required for plaintiffs' claims.'" *Id.* (quoting *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 522 (5th Cir.2010)). Some other factors that may be taken into account are "whether the claims arise from the same transaction or occurrence, whether they present some common question of law or fact, whether severance would facilitate settlement or judicial economy, and the relative prejudice to each side if the claim is severed." *Hartley v. Clark*, No. 3:09cv559/RV/EMT, 2010 WL 1187880, at * 4 (N.D. Fla. Feb. 12, 2010).

Further, "[a] plaintiff alleging Title III ADA discrimination must initially prove that (1) he is a disabled individual; (2) the defendants own, lease, or operate a place of public accommodation; and (3) the defendants discriminated against the plaintiff within the meaning of the ADA." *Norkunas v. Seahorse NB, LLC*, 444 F. App'x 412, 416 (11th Cir. 2011) (citing 42 U.S.C. § 12182(a)).

In this case, Defendants have not shown that either dismissal, severance, or an order requiring a more definite statement is appropriate. The claims share common questions of law and fact, and proceeding jointly will benefit judicial economy. The Amended Complaint alleges the necessary

elements and clearly separates the allegations as to each business.  Accordingly, each Defendant has sufficient notice of the claims and can frame a responsive pleading.  *See* Fed. R. Civ. P. 8(b) (allowing a party to either admit or deny an allegation or to plead lack of knowledge, which operates as a denial).  Moreover, because Plaintiff only seeks declaratory and injunctive relief and litigation expenses and does not demand a jury trial, the Court will be able to structure any potential order appropriately.

### IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants Blue Eyed Holdings, Inc.'s, J. A. Simmons' and Barbara Simmons' Motion to Dismiss and/or Sever the Amended Complaint and/or More Definite Statement (DE 14) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 2nd day of December, 2013.

_____
KENNETH A.  MARRA
United States District Judge